**UNITED STATES DISTRICT COURT**
                    **EASTERN DISTRICT OF LOUISIANA**

CRESCENT CITY PEDIATRICS                         CIVIL ACTION

VERSUS                                           NO. 06-3817

BANKERS INSURANCE COMPANY                        SECTION ("R")(5)


                         **ORDER AND REASONS**

   Before this Court is the plaintiff's motion to remand this action to state court for lack of diversity jurisdiction.  For the following reasons, plaintiff's motion is denied.


**I. BACKGROUND**

   This case arises out of serious damage to the property and business of Crescent City Pediatrics caused by Hurricane Katrina.  At the time of the hurricane, Crescent City operated a pediatric health clinic at 3535 Bienville Street in New Orleans, Louisiana.  The property was insured under a policy issued by the defendant, Bankers Insurance Company.  Crescent City alleges that the policy provides coverage for direct physical loss of or damage to

covered property at the described premises, as well as coverage for Crescent City's loss of business income resulting from the necessary "suspension of operations during the period of restoration." (*See* Pet. ¶¶ V, VI.)

Crescent City's property suffered damage as a result of Hurricane Katrina, which damage allegedly required extensive repairs and caused Crescent City to lose business income. Crescent City alleges that Bankers' did not contact it regarding its business income loss until March 2006. (*See* Pet. ¶¶ XIV, XV.) At that time, a claims representative from Bankers' allegedly assured Crescent City that Bankers' had approved coverage for six months of lost business income. *Id*. On March 16, a different Bankers' claims representative allegedly notified Crescent City that Bankers' had committed an error and that Crescent City had no business interruption coverage due to a policy exclusion. *Id*. at ¶ XVI. Nevertheless, Crescent City asserts that the representative stated that Bankers' would pay for six months of business interruption losses because it had erroneously notified Crescent City that this was covered. *Id*. Then, on March 17th, Crescent City alleges that it received a letter from Bankers stating that the property that was damaged was excluded under the policy due to an off-premises power failure. *Id*. at ¶ XVII. Crescent City asserts that, as of May

2006, it received $27,659.13 from Bankers', which represents only one month of lost income. *Id.*

Crescent City sued Bankers' for its business losses in Civil District Court for the Parish of Orleans on July 12th, 2006. Bankers' removed the action to this Court on July 20, 2006, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. It is undisputed that Crescent City is a Louisiana citizen, and Bankers' is not a Louisiana citizen.

Crescent City now moves to remand this action to state court. Crescent City asserts that diversity jurisdiction does not exist because this is a "direct action" under the Louisiana Direct Action Statute and 28 U.S.C. § 1332(c)(1). Accordingly, Bankers arguably takes on the Louisiana citizenship of its insured, Crescent City.

## II. DISCUSSION

The party seeking removal bears the burden of establishing federal jurisdiction. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) (*citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35 (1921)). Under 28 U.S.C. § 1441(a), a defendant may generally remove a civil action filed in state court if the federal court would have had original jurisdiction. Bankers asserts that it properly removed this action under 28

U.S.C. § 1441(b) because this Court has original jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332.

For purposes of diversity jurisdiction, it is federal law, not state law, that determines a party's citizenship. *See Rodriguez-Diaz v. Sierra-Martinez*, 853 F.2d 1027, 1030 (1st Cir. 1988) (although federal courts apply state substantive law in diversity cases, federal common law governs determination of litigant's state citizenship under § 1332). Likewise, federal law governs the construction of removal statutes. *See Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991) (*citing Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705, 92 S.Ct. 1344, 1349 (1972); *Paxton v. Weaver*, 553 F.2d 936, 940-41 (5th Cir. 1977)). Accordingly, the determination of whether an action against an uninsured motorist carrier is a "direct action" for purposes of diversity and removal jurisdiction is a question of federal law.

The diversity jurisdiction statute was amended in 1964 to provide, "in any direct action against the insurer of a policy or a contract of liability insurance ... to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen, as well as of any state by which the insurer has been incorporated and of the state where it has its principal place of business. 28

U.S.C. § 1332(c)(1) (2000).[1]  Having reviewed the plain language of the statute, as well as the legislative history and federal common law interpreting that provision, the Court concludes that the provision added by the 1964 amendment does not apply to Crescent City's suit to recover for property and business interruption losses against Bankers.

Crescent City's suit is not a "direct action against the insurer of a policy or a contract of liability insurance." 28 U.S.C. §1332(c)(1).  A suit "against an insurance company is only a 'direct action' under § 1332(c)(1) if 'the liability sought to be imposed against the insurer could be imposed against the insured.'"  *Medical Research Centers, Inc.*, 303 F. Supp. 2d at 814 (quoting *Gonzalez v. Gov't Employees Ins. Group*, 2000 WL 235236, at *4 (E.D. La. Feb 28, 2000)).  Furthermore, the direct action proviso of § 1332(c)(1) has the effect of denying federal diversity jurisdiction only "in cases where the plaintiff and the defendant insurer are citizens of different states, but the plaintiff and the insured tortfeasor are citizens of the same

---

[1] "Congress amended the statute and 'consigned to the state courts cases of a local nature between parties who are citizens of the same state, regardless of the circumstance that one or more of the parties is insured by a foreign-incorporated insurance company.'"  *Medical Research Centers, Inc. v. St. Paul Property And Liability Ins. Co.*, 303 F. Supp. 2d 811, 813 (E.D. La. Jan. 21, 2004) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 995 (5th Cir. 1985)).

state." *Medical Research Centers, Inc.*, 303 F. Supp. 2d at 814. The direct action proviso is not applicable to a simple coverage dispute between the insured and his own insurer. *Id.; see also Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 674 (2d Cir. 1992) ("[S]imply because the insurer is a direct party does not make the litigation a direct action.'"); *Lee-Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003) ("Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity – federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.").

In its motion to remand, Crescent City cites *Williams v. Liberty Mutual Ins. Co.*, 468 F.2d 1207 (5th Cir. 1972), as support for the application of § 1332(c)(1) to the facts of this case. That case, unlike this one, involved a suit against the liability insurer of a tortfeasor. *See id*. at 1208. This dispute does not involve liability insurance, which protects the insured from its liability to third parties. Instead, Crescent City's claim is a first-party action by an insured against its own insurer for coverage allegedly due under the insurance contract between the parties. As other courts, including those

6

in this circuit, have held, such an action is not a "direct action" within the meaning of § 1332.  *See Medical Research Centers, Inc.*, 303 F.Supp.2d at 813; *see also Nettles v. State Farm Fire and Cas. Co.*, 2003 WL 1922001, at *1 (E.D.La. April 21, 2003).  The direct action proviso is not applicable, and the Court has original subject matter jurisdiction under 28 U.S.C. § 1332.

### III. CONCLUSION

For the foregoing reasons the Court DENIES the plaintiff's motion to remand.

New Orleans, Louisiana, this 27th day of October, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE